**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

     **Plaintiff,**

v.                                CRIMINAL NO.  5: 12 - CR - 30

                                         33 U.S.C. §§ 1311(a), 1319(c)(1)(A), 1344   *Stamp*

CHESAPEAKE APPALACHIA, LLC,

     **Defendant.**

*U.S. DISTRICT COURT
FILED AT WHEELING, WV
SEP 28 2012
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK*

# I N F O R M A T I O N

The United States Attorney charges that:

1.     Defendant, CHESAPEAKE APPALACHIA, LLC, is a limited liability company organized under the laws of the State of Oklahoma, and is a wholly owned subsidiary of Chesapeake Energy Corporation.  At all times material hereto, defendant CHESAPEAKE APPALACHIA, LLC, directly employed personnel, hired contractors, and conducted business operations in the Northern District of West Virginia.

2.     The Federal Water Pollution Control Act, Title 33, United States Code, Section 1251 *et. seq.* (hereinafter referred to as the "Clean Water Act"), was enacted by Congress to restore and maintain the integrity of the Nation's waters.  The Clean Water Act, and the regulations promulgated pursuant thereto, prohibits the discharge of any pollutant from a point source into the waters of the United States without a permit. Title 33, United States Code, Section 1311(a).  Discharges of dredged or fill material into waters of the United States are prohibited unless authorized by a permit issued by the U.S. Army Corps of Engineers.  Title 33, United States Code, Sections 1311, 1344.

3.      The term "pollutant" includes dredged spoil, solid waste, biological material, discarded equipment, rock, sand and industrial waste discharged into water.  Title 33, United States Code, Section 1362(6).

4.      The term "discharge of a pollutant" includes the addition of any pollutant to waters of the United States from any point source.  Title 33, United States Code, Section 1362(12)(A).

5.      The term "point source" includes any discernable, confined, and discrete conveyance from which pollutants are or may be discharged. Title 33, United States Code, Section 1362(14).  Dump trucks and bulldozers are "point sources" under the Clean Water Act when they are used to discharge and spread fill materials into navigable waters or wetlands.

6.      The term "navigable waters" means the waters of the United States. Title 33, United States Code, Section 1362(7).  Blake Fork (also known as Blake Run) is located in Wetzel County, West Virginia, and is a perennial stream which flows into Lynn Camp Run, which flows into Fish Creek, which then flows into the Ohio River.  At all material times, Blake Fork was a water of the United States.

7.      In 2008, corporate and contract employees of defendant, CHESAPEAKE APPALACHIA, LLC, selected the location for an access road to a site associated with defendant's Marcellus Shale gas drilling activities (referred to as the Hohman Pit), hired construction contractors to discharge and spread rock and gravel in Blake Fork in order to develop access to the Hohman Pit, and supervised and directed the work of the construction contractors.

8.      On or about December 1, 2008, contractors hired by defendant CHESAPEAKE APPALACHIA, LLC, discharged gravel from dump trucks into Blake Fork on at least three separate and distinct occasions.  In total, approximately (60) sixty tons of rock and gravel were placed in Blake Fork on or about December 1, 2008.  The Defendant's contractors, under the supervision of an employee of Defendant, subsequently used bulldozers to spread the gravel in Blake Fork to develop access to the Hohman Pit in order to facilitate the Defendant's Marcellus Shale gas drilling activities.

9.      Defendant CHESAPEAKE APPALACHIA, LLC, had a legal obligation to comply with applicable provisions of the Clean Water Act during the conduct of its Marcellus Shale gas drilling activities.

10.     Prior to December 1, 2008, defendant CHESAPEAKE APPALACHIA, LLC, failed to obtain a Clean Water Act permit prior to discharging gravel, dirt or other pollutants (fill material) into navigable waters or wetlands.

11.     Despite knowing in 2008 that corporate and contract employees were conducting, directing and supervising construction activities in furtherance of defendant's Marcellus Shale gas drilling activities in Wetzel County, West Virginia, defendant, CHESAPEAKE APPALACHIA, LLC, failed to adequately supervise the construction activities to insure compliance with the Clean Water Act, particularly with regard to the permitting requirements contained in Title 33, United States Code, Sections 1311 and 1344.

12.     Defendant CHESAPEAKE APPALACHIA, LLC, did not have a permit issued pursuant to Title 33, United States Code, Section 1344, to discharge fill material into Blake Fork in December, 2008.

## COUNTS ONE, TWO, and THREE

### Unauthorized Discharge into a Water of the United States

### 33 U.S.C. §§ 1311(a), 1319(c)(1)(A), 1344

[misdemeanor violations]

1.    Paragraphs 1-12 are incorporated by reference.

2.    On or about December 1, 2008, in Wetzel County, West Virginia, within the Northern District of West Virginia, defendant CHESAPEAKE APPALACHIA, LLC, negligently discharged and caused to be discharged, pollutants, including fill material, on three separate and distinct occasions, from point sources, to wit: dump trucks and heavy equipment, into Blake Fork, a water of the United States without a permit issued by the U.S. Army Corps of Engineers, in violation of Title 33, United States Code, Sections 1311(a), 1319(c)(1)(A), and 1344.


WILLIAM J. IHLENFELD, II
United States Attorney

By: _____

DAVID J. PERRI
Assistant United States Attorney

_____

PERRY D. MCDANIEL
Special Assistant United States Attorney