

U. S. DEPARTMENT OF JUSTICE

*WILLIAM J. IHLENFELD, II*
United States Attorney
Northern District of West Virginia

|  |  |
|---|---|
| 1125 Chapline Street | Phone: (304) 234-0100 |
| P.O. Box 591 | Fax: (304) 234-0111 |
| Wheeling, WV 26003 | |

September 19, 2012

*U.S. DISTRICT COURT FILED AT WHEELING, WV*
*OCT - 5 2012*
*NORTHERN DISTRICT OF WV*
*OFFICE OF THE CLERK*

Jason B. Hutt, Esq.
Bracewell & Giuliani, LLP
2000 K Street, N.W., Ste. 500
Washington, D.C. 20006-1872

Re: United States v. Chesapeake Appalachia, L.L.C. (pre-indictment)
  5:12-CR-30

Dear Mr. Hutt:

This will confirm conversations with you concerning your client, **Chesapeake Appalachia, L.L.C.** (hereinafter referred to as "defendant").

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1. The defendant will waive its right to have its case presented to a Federal Grand Jury and plead guilty to Count One and Count Two and Count Three of the Information filed in this District charging it with **Unauthorized Discharge into a Water of the United States**, in violation of the Clean Water Act, Title 33, United States Code, Sections 1311(a) and 1319(c)(1)(A) and 1344. [misdemeanors]

_____
Chesapeake Appalachia, L.L.C., Defendant
By: David R. Bert
Title: Vice President - Drilling

9/24/2012
Date Signed

_____
Jason B. Hutt, Esq.
Counsel for Chesapeake Appalachia, L.L.C.

9/24/12
Date Signed

Jason B. Hutt, Esq.
September 19, 2012
P. 2

2. The maximum penalty to which the defendant will be exposed by virtue of its plea of guilty, as stated in paragraph 1 above, is: a fine of $200,000.00, or $25,000 per day of violation per count, whichever is greater, a period of probation of 5 years, and a special mandatory assessment of $125.00 (18 U.S.C. Section 3013) per Count which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court. The parties agree that the provisions of Chapter 8 of the U.S. Sentencing Guidelines pertaining to the calculations of fines for specific violations (§§8C2.2 - 2.9) do not apply to environmental crimes. U.S.S.G. §§ 8A1.1 Application Note 2, 8C2.1, 8C2.10). Fines for environmental crimes are to be calculated pursuant to the general statutory provisions governing sentencing in 18 U.S.C. §§ 3553 and 3572. U.S.S.G. § 8C2.10. The rest of Chapter 8 concerning remedying harm, restitution, remedial orders, community service, payments of fines, and implementing organizational probation are applicable to environmental crimes.

3. The defendant agrees to cooperate fully with the Office of the United States Attorney and other law enforcement agencies in the Northern District of West Virginia by meeting with them, if requested, and divulging to them information about its activities and the activities of others, related to possible criminal activities in connection with construction work at the West Virginia sites known as Blake Fork, Evick, Buzzard, and Villers, to the best of its knowledge. In providing such information, the defendant will be completely forthright and truthful.

4. Nothing contained in any information provided by the defendant pursuant to paragraph 3 will be used against it as the basis for any subsequent prosecution. It is understood that any information obtained from the defendant in compliance with this cooperation agreement will be made known to the sentencing Court; however, pursuant to Guideline section 1B1.8, such information may not be used by the Court in determining the defendant's applicable guideline range. However, this agreement does not prevent the defendant from being prosecuted for any violations of other Federal and state laws it may have committed in the construction or operation of other sites should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information being provided by it pursuant to this agreement.

_____
Chesapeake Appalachia, L.L.C., Defendant
By: David R. Bert
Title: Vice President – Drilling

9/24/2012
Date Signed

_____
Jason B. Hutt, Esq.
Counsel for Chesapeake Appalachia, L.L.C.

9/24/12
Date Signed

Jason B. Hutt, Esq.
September 19, 2012
P. 3

5. At final disposition, the United States may advise the Court of the defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

6. This Plea Agreement contains a **binding** agreement between the United States and the defendant regarding the ultimate sentence to be imposed upon the defendant. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties have agreed that the sentence to be imposed upon the defendant should and shall be a **fine of $200,000 for each Count [$600,000.00, total], (2) two years of probation, and the special mandatory assessments of $125.00 per Count.**

7. In exchange for the defendant's guilty plea to Counts One, Two, and Three of the Information, and in exchange for the defendant's compliance with the terms and provisions of this Plea Agreement, the United States agrees to forego criminal prosecution of any Clean Water Act violations occurring in connection with impoundments constructed at the Evick, Buzzard, and Villers sites during 2008, 2009, and 2010. It is understood by the parties that any such violations will be addressed civilly.

8. The defendant understands that the offer memorialized in this Plea Agreement will expire on **September 25, 2012** if the defendant has not executed the Plea Agreement and returned a signed copy by **5:00 P.M.** on that day.

9. If in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(a) through (k) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this Plea Agreement, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

10. The parties recognize that the "binding" nature of the Plea Agreement renders largely immaterial the Relevant Conduct Stipulation commonly featured in federal plea agreements. [U.S.S.G. 6B1.4 and 1B1.3]

_David R. Bert_  
Chesapeake Appalachia, L.L.C., Defendant  
By: David R. Bert  
Title: Vice President - Drilling

9/24/2012  
Date Signed

_Jason B. Hutt_  
Jason B. Hutt, Esq.  
Counsel for Chesapeake Appalachia, L.L.C.

9/24/12  
Date Signed

Jason B. Hutt, Esq.
September 19, 2012
P. 4

This having been noted, for the benefit of the Court, the parties agree that the defendant, by and through its employees and a contractor working at its direction and under its supervision, discharged fill material in the form of crushed stone and gravel from point sources, to wit: dump trucks and heavy equipment, into Blake Fork, a water of the United States, on at least three different occasions on or about December 1, 2008. The total amount of the material was approximately (60) sixty tons. The defendant did subsequently spread that material in the stream to create roadway for the purpose of improving access to a site associated with Marcellus Shale drilling activity in Wetzel County, West Virginia.

The United States further indicates that, had this plea not been "binding" in nature, it would have expected to recommend at sentencing that the defendant receive any and all available levels of reduction for Acceptance of Responsibility for the purposes of a Guidelines calculation. [U.S.S.G. 3E1.1(a), (b)]

11. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any pre-sentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a pre-sentence investigation, relevant information including the defendant's background, criminal record, offense charged in the indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated pre-sentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by the defendant or its counsel.

12. The defendant is aware that Title 18, United States Code, Section 3742 affords it the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly makes the following waiver of its appellate rights in exchange for the concessions made by the United States in this Plea Agreement: (1) The defendant knowingly waives the right to appeal its sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement; and (2) the defendant also waives its right to challenge its sentence, or the manner in which it was determined, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

_____        9/24/2012
Chesapeake Appalachia, L.L.C., Defendant        Date Signed
By: David R. Bert
Title: Vice President-Drilling

_____        9/24/12
Jason B. Hutt, Esq.        Date Signed
Counsel for Chesapeake Appalachia, L.L.C.

Jason B. Hutt, Esq.
September 19, 2012
P. 5

13.     If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this Plea Agreement, then the Office of the United States Attorney will have the right to void this Plea Agreement.

14.     The above (13) thirteen paragraphs constitute the entire agreement between Chesapeake Appalachia, L.L.C., and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this Plea Agreement.

Very truly yours,

WILLIAM J. IHLENFELD, II,
United States Attorney

By: _____
David J. Perri
Assistant United States Attorney

_____
Perry D. McDaniel
Special Assistant United States Attorney
Regional Criminal Environmental Counsel,
U. S. Environmental Protection Agency

_____
Chesapeake Appalachia, L.L.C., Defendant
By: David R. Bert
Title: Vice President - Drilling

_____
Jason B. Hutt, Esq.
Counsel for Chesapeake Appalachia, L.L.C.

9/24/2012
Date Signed

9/24/12
Date Signed

Jason B. Hutt, Esq.
September 19, 2012
P. 6

As evidenced by my signature at the bottom of the (6) six pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____
Chesapeake Appalachia, L.L.C., Defendant
By: David R. Bert
Title: Vice President - Drilling

9/24/2012
Date Signed

_____
Jason B. Hutt, Esq.
Counsel for Chesapeake Appalachia, L.L.C.

9/24/12
Date Signed

DJP:djp
cc: Agent Regina McIntyre